Birdie Amsterdam, J.
The accident occurred on February 27, 1960, the notice of claim was served on May 12, 1960, defendant’s demand for examination of plaintiff was served June 3, 1960 and held on December 8, 1960. The action was commenced on May 31, 1961, which was one year, and 93 days after the occurrence.
Defendant argues that the action is time-barred, having been commenced more than 1 year and 30 days after the occurrence (Public Authorities Law, § 1212, subds. 1, 2, 4; Civ. Prac. Act. § 24; Matter of Forastad v. New York City Tr. Auth., 13 A D 2d 836; Heeren v. New York City Tr. Auth., 231 N. Y. S. 2d 993).
Plaintiff maintains that the time elapsing between defendant’s demand for an oral examination pursuant to statute and the time such examination was actually taken must be added to the time limitation and cites several cases against the City of New York m support of that proposition. However, these cases were predicated on the provisions of subdivision 5 of *124 section 50-h of the General Municipal Law which specifically states that ‘ ‘ Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the [municipal corporation] against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter.” No such provision appears in the Public Authorities Law. Subdivision 5 of section 1212 thereof states that ‘ ‘ The authority may require any person, presenting for settlement an account or claim for any cause whatever against the authority, to be sworn before a member, counsel or an attorney, officer or employee of the authority, designated for such purpose, touching such account or claim and when so sworn to answer orally as to any facts relative to such account or claim.”
There is no prohibtion in that section to the commencement of an action until compliance with the demand for examination as provided in section 50-h of the General Municipal Law.
Nor can it be held that .section 1212 of the Public Authorities Law must be read in the light of the provisions of section 50-h of the General Municipal Law. Section 1212, insofar as it refers to the General Municipal Law, does so only with respect to section 50-e and the serving of notice (Heeren v. New York City Tr. Auth., 231 N. Y. S. 2d 993, supra). The action herein is time-barred.