■ EDWARD LO GUERCIO, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Appeal by defendant, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated December 26, 1967, as (1) granted plaintiff's motion to the extent of dismissing defendant's affirmative defense and (2) denied defendant's cross motion to dismiss the complaint. Order reversed insofar as appealed from, on the law and the facts, with

$10 costs and disbursements; plaintiff's motion to dismiss the defense denied; and defendant's cross motion granted, without prejudice to plaintiff's rights pursuant to CPLR 205 (subd. [a]) should he hereafter submit himself to defendant for an oral examination. In our opinion, this action was prematurely commenced. Plaintiff's compliance with defendant's demand for an oral examination pursuant to subdivision 5 of section 1212 of the Public Authorities Law was a statutory condition precedent to the commencement of this action. Subdivisions 4 and 5 of section 1212 must be read together. So read, it is manifest that the defendant Authority has, incident to the power to adjust and settle claims, the right to examine claimants to ascertain whether or not an adjustment or settlement is warranted (subd. 5). Further, the statutes prescribe: "No action shall be maintained against the authority * * * unless it shall appear by and as an allegation in the complaint * * * that the authority has neglected or refused to make an adjustment or payment of the claim" (subd. 4). As stated by the court in *Tolchinsky* v. *City of New York* (164 App. Div. 636, 640, affd. 220 N. Y. 633), which considered the almost identical and predecessor provisions in the former Greater New York Charter (§§ 149, 261 [L. 1901, ch. 466]), "The words 'neglected or refused to make an adjustment or payment' * * * mean something more than a mere failure to pay." When read in conjunction with the provision for oral examinations, these words imply "a positive determination by the * * * [Authority that it] will not pay or adjust the claim" (*Tolchinsky* v. *City of New York, supra,* p. 640). Such a determination cannot be intelligently made until the Authority has exhausted all the available means of information respecting the justness of the claim it deems necessary, including oral examinations. The requirement that no suit be commenced unless and until the Authority has determined not to settle the claim "would soon become a dead letter if every claimant could with impunity refuse to be examined" and yet treat the Authority's consequent failure to pay as satisfying the statutorily imposed condition precedent (*Tolchinsky* v. *City of New York, supra,* p. 641). This was recognized by plaintiff's former attorney when he stipulated that the adjournment of the examination was "without prejudice to the right of the * * * [Authority] to settle or adjust the claim within the same period of time after such examination is held as the Authority had at the date fixed originally for such examination, and that no suit may be brought until after the expiration of such period of time". Hence, compliance with the Authority's demand for an oral examination must be held to be a condition precedent to the commencement of an action against the Authority. In the case before us, not only has plaintiff failed to appear for an examination at any time, thus violating both the statutory condition precedent to suit and the terms of the written stipulation and rendering his action premature, but his complaint fails to set forth the necessary allegation of a neglect or refusal to pay his claim. Therefore, it was error to deny the Authority's cross motion to dismiss the complaint and to grant plaintiff's motion to strike the affirmative defense that the action was premature. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.