■ Michael Stazio, as Parent and Natural Guardian of Catherine A. Stazio, et al., Appellants, v County of Albany, Respondents.—Appeal from an order of Supreme Court at Special Term, entered May 5, 1977 in Albany County, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint and from the judgment entered thereon. The instant action for personal injuries sustained by Catherine A. Stazio allegedly arose out of an incident occurring in the Albany County Jail on July 24, 1975. A timely notice of claim was served on defendant county on October 21, 1975. On November 6, 1975, defendant county served a demand for examination of plaintiffs to be held on November 21, 1975, pursuant to section 50-h of the General Municipal Law. The examination was thereafter adjourned for various reasons and not conducted until July 15, 1976. There then remained 99 days before the expiration of the statutory time to commence the action against the county (General Municipal Law, § 50-i, subd 1). The summons and complaint were not served on defendants until December 8, 1976, 47 days after the time limit expired for service on the county. Defendants' motion for summary judgment dismissing the actions pursuant to section 3212 of the CPLR was granted on the ground that the actions were time-barred by the applicable Statutes of Limitation. Plaintiffs appeal from the judgment of dismissal. Plaintiffs do not contest that the action against the Sheriff was time-barred (CPLR 215). As to the County of Albany, plaintiffs contend that the statutory limitation in section 50-i of the General Municipal Law was extended by reason of subdivision 5 of section 50-h of the same law, which prohibits commencement of suit against the municipality until the claimant has complied with the demand for examination when the demand is made pursuant to subdivision 2 of section 50-h.

Plaintiffs urge that allowance for this additional time would make the commencement of the action on December 8, 1976 timely. We reject this contention. Subdivisions 2 and 3 of section 50-i of the General Municipal Law specifically provide that the one-year and 90-day limitation is to be applicable notwithstanding any other provisions of law, general, special or local and that nothing contained in section 50-h shall operate to extend said period of limitation. The weight of authority supports the decision of Special Term and we must affirm *(Serravillo v New York City Tr. Auth.,* 51 AD2d 1027; *Kratz v Dussault,* 33 AD2d 826; *Ortiz v City of New York,* 28 AD2d 1098; *Robinson v City of New York,* 24 AD2d 260). Order and judgment affirmed, without costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.