■ ALEXANDER SIMON, Appellant, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 7, 1982 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint. On August 18, 1980, plaintiff sustained personal injuries allegedly due to the negligent operation of defendant's bus, and served a notice of claim upon defendant on October 17, 1980. Thereafter, defendant served a notice of hearing on plaintiff wherein it recited that the hearing would be held pursuant to the provisions of section 50-h of the General Municipal Law. After the hearing was completed, plaintiff served a summons and complaint upon defendant on October 15, 1981. This service was made one year and 58 days after the accrual of plaintiff's action on August 18, 1980. Defendant duly answered and raised the affirmative defense that the cause of action was barred by the one-year Statute of Limitations set forth in subdivision 2 of section 1317 of the Public Authorities Law. A CPLR 3212 motion by defendant for summary relief based on this affirmative defense was granted by Special Term and this appeal by plaintiff ensued. We affirm. Plaintiff argues that since defendant stated that it wished to conduct a hearing pursuant to section 50-h of the General Municipal Law instead of pursuant to subdivision 4 of section 1317 of the Public Authorities Law, the longer Statute of Limitations applicable to municipalities (General Municipal Law, § 50-i, subd 1) should apply to this case and defendant should be estopped from invoking the shorter Statute of Limitations enacted for its benefit (Public Authorities Law, § 1317, subd 2). This contention is rejected. Having chosen to pursue a claim against defendant, a public authority, plaintiff is charged with knowledge of the statutory provisions dealing with the commencement of actions against such a body and cannot be heard to argue that he was misled into believing that the applicable Statute of Limitations was being lengthened. While defendant's erroneous reference to section 50-h of the General Municipal Law in its notice of hearing was misleading, such inadvertence does not expand the time in which to commence an action against defendant as set forth in the Public Authorities Law. Also rejected is plaintiff's contention that defendant's reference to the General Municipal Law should operate to toll the Statute of Limitations so as to make timely the instant action commenced one year and 58 days after the accrual of the cause of action. Even if the provisions of the

General Municipal Law were to apply to this case, specific language contained in subdivisions 2 and 3 of section 50-i of that law precludes any tolling of the Statute of Limitations due to a request by the municipality for a hearing (see *Stazio v County of Albany,* 60 AD2d 934). Accordingly, Special Term properly dismissed the complaint since the action against defendant was not timely commenced within the provisions of subdivision 2 of section 1317 of the Public Authorities Law. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.