◼ LUMBERMENS MUTUAL CASUALTY COMPANY et al., Plaintiffs, and AMERICAN MOTORIST INSURANCE COMPANY, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In a subrogation action to recover property damages, the defendant Port Authority of New York and New Jersey appeals from an order of the Supreme Court, Westchester County (Buell, J.), entered November 21, 1985, which denied its motion to dismiss the complaint insofar as it is asserted by the plaintiff American Motorist Insurance Company.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, the complaint insofar as asserted by the plaintiff American Motorist Insurance Company is dismissed, and the cause of action of the remaining plaintiffs is severed.

This is a subrogation action brought by Lumbermens Mutual Casualty Company (hereinafter Lumbermens) and American Motorist Insurance Company (hereinafter American), as subrogees, for alleged damages arising out of the theft of the insured's automobile from a LaGuardia Airport parking lot on June 25, 1982. Lumbermens, which insured the contents of the automobile, timely commenced an action on June 8, 1983. Thereafter, Lumbermens was granted leave to amend its complaint to add American, the insurer of the vehicle, as a named party plaintiff. The defendant was served with the amended complaint on June 5, 1985.

The defendant has waived immunity and consented to be sued only in the event that certain jurisdictional conditions precedent are complied with *(see,* L 1950, ch 301, §§ 1-7; *Trippe v Port of N. Y. Auth.,* 14 NY2d 119, 123-124; *Savino v Demiglia,* 128 AD2d 858). One of these conditions precedent is that the action be commenced within one year after the cause of action has accrued (L 1950, ch 301, § 7).

Failure to satisfy this condition results in a withdrawal of consent and compels the dismissal of the action for lack of subject matter jurisdiction *(see, Giannone v Port Auth.,* 127 AD2d 818, 819; *Luciano v Fanberg Realty Co.,* 102 AD2d 94). Accordingly, the defendant's motion must be granted. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.