■ ESTATE OF HELEN K. PEARLBERG, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, et al., Defendant. [619 NYS2d 345] —In a negligence action, the defendant Port Authority of New York and New Jersey appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated June 15, 1993, which denied its motion to dismiss the complaint insofar as it is asserted against it and granted the plaintiff's cross motion for leave to serve a late summons and complaint.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Port Authority of New York and New Jersey to dismiss the complaint is granted, the plaintiff's cross motion is denied, the complaint is dismissed insofar as it is asserted against the defendant Port Authority of New York and New Jersey, and the action against the remaining defendant is severed.

On July 1, 1991, the decedent Helen K. Pearlberg was injured as the result of an accident that occurred at Newark International Airport. After the accident, she was transported to Maimonides Medical Center in Brooklyn where she passed away on July 5, 1991. On November 7, 1991, Dr. Jay L. Pearlberg was appointed executor of the decedent's estate.

Some six months later on May 5, 1992, a notice of claim was served upon the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority); and, on or about December 21, 1992, the plaintiff served a summons and complaint. When the Port Authority moved to dismiss the complaint on the ground that the action had been untimely commenced, the plaintiff cross-moved for leave to serve a late summons and complaint. The Supreme Court denied the motion and granted the cross motion. We now reverse.

McKinney's Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7) provides, as a general rule, that all actions against the Port Authority must be commenced within one year of the date the cause of action accrued. The failure to satisfy this requirement will result in the dismissal of the action for lack of subject matter jurisdiction *(see, Patel v Port Auth.,* 184 AD2d 235; *Lumbermens Mut. Cas. Co. v Port Auth.,* 137 AD2d 796). However, McKinney's Unconsolidated Laws of NY § 7108 (L 1950, ch 301, § 8, as amended) goes on to provide for a limited exception: "[W]here a person entitled to make a claim dies *and by reason of his death* no notice of claim is filed or suit, action or proceeding commenced within the time specified in section seven hereof then any court in which such suit, action or proceeding may be brought may in its discretion grant leave to serve the notice of claim and to commence the suit, action or proceeding within a reasonable time but in any event within three years after the cause of action accrued. Application for such leave must be made upon an affidavit showing the particular facts which caused the delay" (emphasis added).

In the instant case, the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to serve a late summons and complaint. The statute quite clearly states that any application for such leave "must be made upon an affidavit showing the particular facts which caused the delay". Here, not only did the plaintiff fail to submit an affidavit explaining the delay in serving the summons and complaint, but, also, the plaintiff's attorney failed to proffer any satisfactory explanation for the over one-year delay between the date the plaintiff was appointed executor and the date the summons and complaint were served. We note that this delay was not caused by the decedent's death. In view of the lack of a reasonable excuse for the delay, the summons and complaint were untimely and the action should have been dismissed *(cf., Barra v Port of N. Y. Auth.,* 192 NYS2d 838). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.