■ ANGELO RAMIREZ, Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent, et al., Defendant. [644 NYS2d 741] —Order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about May 13, 1995, which granted defendant's motion to dismiss the complaint as barred by the one-year Statute of Limitations of Public Authorities Law § 1744 (1), unanimously affirmed, without costs.

Plaintiff was injured on July 27, 1993 at the construction site of a New York City school. On September 7, 1993, he served a timely notice of claim on defendant New York City School Construction Authority and, on December 13, 1993, submitted to an examination conducted pursuant to General Municipal Law § 50-h. However, plaintiff did not commence this action until September 29, 1994, more than one year after his cause of action accrued.

We find no merit to plaintiff's contention that defendant should be estopped to assert the bar of the one-year Statute of Limitations contained in Public Authorities Law § 1744 (1) (*Golden v Scalise,* 87 AD2d 959, *lv denied* 57 NY2d 604). The statute specifically provides for examination of a claimant "in accordance with the provisions of section fifty-h of the general municipal law" (Public Authorities Law § 1744 [6]), and defendant agency's demand for a hearing pursuant to the General

Municipal Law provision cannot be regarded as "affirmative wrongdoing" so as to warrant equitable relief (87 AD2d, *supra,* at 959).

We take this opportunity to caution the Bar to identify the municipal agency responsible for any injury and to determine the appropriate statute governing actions against that agency. Upon failure to proceed timely, the burden falls to the claimant to demonstrate that any delay was caused by "fraud, misrepresentations or deception" and that his reliance on the asserted misrepresentations was justifiable (*Simcuski v Saeli,* 44 NY2d 442, 449). It has been held that a mere reference to General Municipal Law § 50-h by the agency "does not expand the time in which to commence an action against defendant as set forth in the Public Authorities Law" (*Simon v Capital Dist. Transp. Auth.,* 95 AD2d 902 [3d Dept]). "Having chosen to pursue a claim against defendant, a public authority, plaintiff is charged with knowledge of the statutory provisions dealing with the commencement of actions against such a body and cannot be heard to argue that he was misled into believing that the applicable Statute of Limitations was being lengthened" (*supra,* at 902). Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.