(December 31, 1996)

■ NORBERT HERRERA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [651 NYS2d 50] —Order, Supreme Court,

---

* Question 4 called for amounts awarded for past damages (loss of earnings and pain and suffering).

New York County (Robert Lippmann, J.), entered August 29, 1995, which granted defendant's motion to dismiss the complaint as time-barred, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied, and the complaint reinstated.

Ordinarily the lack of express incorporation of General Municipal Law § 50-h into Public Authorities Law § 1212 would mean that the Statute of Limitations would not be tolled for the period of time between the date defendant noticed plaintiff to appear for an oral examination pursuant to Public Authorities Law § 1212 (5) and the date the examination was actually held (*see*, *Hernandez v New York City Tr. Auth.*, 41 Misc 2d 123, *affd* 20 AD2d 968; *Ramirez v New York City School Constr. Auth.*, 229 AD2d 313; *Simon v Capital Dist. Transp. Auth.*, 95 AD2d 902). However, in light of the unique circumstances presented here, where, among other things, the transcript of the examination itself refers to General Municipal Law § 50-h, we hold that the interests of justice require that this time not be included when calculating the time within which plaintiff was required to commence his action. When so viewed, the plaintiff's action was timely.

A hearing pursuant to Public Authorities Law § 1212 (5) is not always mandatory. The defendant, which was served with plaintiff's notice of claim within 22 days of the underlying accident, had timely actual notice of the nature of plaintiff's claim and chose to exercise its right to conduct an oral examination of him. At that point, plaintiff could not successfully prosecute his claim until the examination was completed (*see*, *Serravillo v New York City Tr. Auth.*, 51 AD2d 1027, *affd* 42 NY2d 918). The result we reach is consonant with fairness based on this record and the result reached in cases involving other public authorities (*cf.*, *Wilder v City of New York*, 193 AD2d 420; *Hauptman v New York City Health & Hosps. Corp.*, 162 AD2d 588). Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.