■ DANIEL PILGRIM, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [652 NYS2d 631] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 13, 1995, which (1) denied its motion to dismiss the complaint, and (2) granted the plaintiff's cross motion to strike the defendant's affirmative defense that the Statute of Limitations had run.

Ordered that the order is reversed, on the law, with costs, the plaintiff's cross motion is denied, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff was injured on March 18, 1993, when he slipped on the steps of the Prospect Park subway station in Brooklyn. He filed his notice of claim in June 1993, and the New York City Transit Authority (hereinafter the Transit Authority) requested that he submit to an oral examination on July 16, 1993. The examination was adjourned at the plaintiff's request, but it was never rescheduled by either the Transit Authority or the plaintiff. Nevertheless, the plaintiff served a summons and complaint upon the Transit Authority on or about September 14, 1994. The Transit Authority moved to dismiss the complaint on the ground that the action was not commenced within the Statute of Limitations period as prescribed by Public Authorities Law § 1212 (2), which required commencement of the action within 1 year and 90 days after the occurrence of the event upon which the claim was based. The plaintiff cross-moved to dismiss the Transit Authority's affirmative defense that the Statute of Limitations had run.

The Supreme Court erred by accepting the plaintiff's contention that the Transit Authority's request for an oral examination tolled the running of the Statute of Limitations. While the

oral examination may be a condition precedent to the Transit Authority's right to determine whether it should settle or adjust a claim made by an injured party *(see, Lo Guercio v New York City Tr. Auth.,* 31 AD2d 759), the condition precedent does not operate as a statutory stay pursuant to CPLR 204 (a) to extend the limitations period until the oral examination has occurred *(see, Hernandez v New York City Tr. Auth.,* 41 Misc 2d 123, 124, *affd* 20 AD2d 968). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.