■ YONKERS CONTRACTING COMPANY, INC., Appellant-Respondent, v PORT AUTHORITY TRANS-HUDSON CORPORATION, Respondent-Appellant. [669 NYS2d 671] —In an action, *inter alia*, to set aside a determination of the Chief Engineer of the defendant Port Authority Trans-Hudson Corporation on the ground that it was the result of fraud, bad faith, or palpable mistake, the plaintiff appeals, as limited by its brief, from so much an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 15, 1996, as granted that branch of the defendant's motion which was to dismiss the complaint, and the defendant cross-appeals from so much of the order as denied that branch of its motion which was for the imposition of sanctions.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff failed to commence this action within one year after the cause of action accrued, as mandated by McKinney's Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7). Because the one-year period in which to commence an action constitutes a condition precedent rather than a mere Statute of Limitations (*see, Lumbermens Mut. Cas. Co. v Port Auth.*, 137 AD2d 796; *Savino v Demiglia,* 133 AD2d 389), CPLR 205 (a) is inapplicable (*see, Balzano v Port of N. Y. Auth.,* 23 AD2d 573).

The Supreme Court properly denied that branch of the defendant's motion which was for the imposition of sanctions. The commencement of this action was not frivolous as that word is defined in 22 NYCRR 130-1.1 (a) (*see, Crandell v Schutz,* 188 AD2d 635). Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.