OPINION OF THE COURT
F. Dana Winslow, J.
The defendants’ motion pursuant to CPLR 3211 for an order *485 granting them judgment and dismissing the action is granted, and the complaint is dismissed.
The instant action arises from a collision between a bus owned and operated by the defendants which struck and injured Irving Cashin on November 4, 1996. Defendant Sever-son was the bus operator at the time of the accident. Irving Cashin died on June 13, 1997, by causes unrelated to the claims presented in this action, which was commenced on January 2, 1998, by the administratrix of his estate who was appointed on December 2, 1997.
The moving defendants contend that the instant action was untimely commenced. The court agrees. While the plaintiff does not disagree that the action was commenced beyond one year and 30 days after the cause of action accrued as provided for in Public Authorities Law § 1276 (2), she contends that CPLR 210 (a) is applicable under the present circumstances to toll the statutory period. CPLR 210 (a) provides that when a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, such action may be commenced by his representative within one year after his death.
There is no dispute that Public Authorities Law § 1276 applies to the parties and that under the circumstances the maximum applicable limitations period is one year and 30 days (see, e.g., Yasus v Metropolitan Transp. Auth., 128 AD2d 389; Penner v National R. R. Passenger Corp., 98 AD2d 631). The issue presented is whether the waiver of sovereign immunity and consent to suit by the State and this particular authority are jurisdictional conditions precedent which must be complied with. The court finds that they are.
While the applicability of CPLR 210 (a) to the Public Authorities Law has not been addressed in prior case law, it is well settled that the failure to satisfy a condition precedent under the Court of Claims Act has been held to constitute a withdrawal of consent compelling the dismissal of the action for lack of subject matter jurisdiction. For example, in Pelnick v State of New York (171 AD2d 734), a medical malpractice claim to recover for wrongful death, the plaintiff argued that CPLR 210 (a) applied. On appeal, the Court specifically rejected this contention, finding that the “tolls and extensions of CPLR article 2 may not be invoked to extend the statutory period for the filing of a claim * * * against the State of New York” (Pelnick v State of New York, 171 AD2d, supra, at 735). *486 Similarly, the Court rejected a substantially identical claim in DeFilippis v State of New York (157 AD2d 826). In this case the Court found the claimant’s failure to interpose a written notice of intention to file a claim within the 90-day time limitation provided in Court of Claims Act § 10 (3) required dismissal as to the cause of action to recover damages for conscious pain and suffering, holding the 90-day notice requirement is a jurisdictional prerequisite which must be strictly applied (see, Greenspan Bros. v State of New York, 122 AD2d 249; Luciano v Fanberg Realty Co., 102 AD2d 94, 97; see also, Lumbermens Mut. Cas. Co. v Port Auth., 137 AD2d 796; Barrett v State of New York, 161 AD2d 61).
An examination and comparison of Court of Claims Act § 10 (3) and Public Authorities Law § 1276 (2) compels the same conclusion. In Kaplan v State of New York (152 AD2d 417, 418-419), involving claims against the State for wrongful death and conscious pain and suffering, the Court noted that “[g]iven that Court of Claims Act § 10 is more than simply a Statute of Limitations, the CPLR tolling provisions may not be used to extend its limits, unless, of course, doing so is expressly authorized by the section itself (see, Antoine v State of New York, 103 Misc 2d 664, 669, n 5)”. In Kaplan (supra) the Court distinguished claims asserted under Court of Claims Act § 10 (5) and (6), which, in the case of section 10 (5) specifically recognizes that a cause of action against the State is tolled when the claimant suffers from a legal disability, such as infancy or incompetency, and section 10 (6) which explicitly incorporates the provisions of CPLR article 2, from claims made under section 10 (3) which omits any explicit reference of the CPLR. Similarly, in the case at bar, Public Authorities Law § 1276 (2) contains no explicit reference to the CPLR, nor does this statute contain any internal provision for tolling the commencement of an action as would be applicable here.
The court notes, however, that insofar as Public Authorities Law § 1276 (2) explicitly incorporates the requirements of General Municipal Law § 50-e, an anomalous situation can, and did, in fact, arise under the facts presented here. General Municipal Law § 50-e (1) (a) provides an extension for filing a notice of claim in wrongful death actions within 90 days after the appointment of a representative of the decedent’s estate. In the instant action the representative commenced this action within this 90-day period. While it appears that the Legislature explicitly provided for the extension of the filing of a notice of claim within 90 days of the appointment, a reading of the *487 remainder of section 50-e leaves little doubt that no such extension was intended for the commencement of an action. General Municipal Law § 50-e (5) further provides that upon consideration of an application for leave to serve a late notice, such extension shall not exceed the time limited for the commencement of an action, but yet, explicitly directs the court to consider whether the public corporation acquired actual knowledge of the essential facts and/or whether the claimant is an infant or has died before the time limited for service of the notice of claim, inter alia. Additionally, General Municipal Law § 50-e (5) further provides that such application for leave to serve a late notice shall not be denied on the ground that it was made after the commencement of an action. Accordingly, it appears that the Legislature explicitly recognized that a notice of claim might be filed within 90 days after the appointment of a representative and after the commencement of an action, but that such a late notice of claim would not serve to extend the applicable period of limitations.
Of additional note are the recent decisions in Pilgrim v New York City Tr. Auth. (235 AD2d 527) and Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (248 AD2d 463). In Pilgrim, the Court dismissed a similarly untimely action which was not commenced within the Statute of Limitations period as prescribed by Public Authorities Law § 1212 (2), where the plaintiff contended that the Transit Authority’s request for an oral examination tolled the running of the statutory period. There the plaintiff unsuccessfully argued that the oral examination, which was a condition precedent to the Transit Authority’s right to determine whether it should settle or adjust a claim made by an injured party, operated as a statutory stay pursuant to CPLR 204 (a) and thereby extended the limitations period. As relevant here, the court notes that Public Authorities Law § 1212 (2), which was at issue in Pilgrim, and section 1276 (2), which is at issue here, are nearly identical, compelling the conclusion, particularly in light of the wealth of supporting precedent, that the filing of an action within the period of limitations specified in section 1276 (2) constitutes a condition precedent to suit, and to the waiver of sovereign immunity and the court’s obtaining subject matter jurisdiction over the cause of action.
The Court in Yonkers (supra) also held that the Statute of Limitations applicable (McKinney’s Uncons Laws of NY § 7107; L 1950, ch 301, § 7) constituted a condition precedent rather than a mere Statute of Limitations and rejected the plaintiffs *488 arguments that CPLR 205 (a) controlled the commencement of a new action following termination under the circumstances. This court is constrained but compelled to reach a similar conclusion in the instant matter and finds that the court is without subject matter jurisdiction as a result of the plaintiffs failure to commence this action within the time constraints of Public Authorities Law § 1276 (2).
The action against Severson, as an employee of the public authority, was also commenced beyond the applicable period of limitations. As Severson is entitled to indemnification from the authority, the authority being the real party in interest (see, Public Authorities Law § 1276 [3]), the action must be dismissed as against Severson (see, Albano v Hawkins, 82 AD2d 871).
Since plaintiff, and others in similar circumstances, may have relied upon the tolling assistance of CPLR 210 (a), the court strongly believes that the Legislature should establish a single tolling rule for all claims against the State. Though late in starting this action, without the benefit of tolling, the plaintiff commenced this claim in less than 30 days following the appointment of a personal representative.
Accordingly, the motion is granted and the complaint is dismissed.