OPINION OF THE COURT
Carol R. Edmead, J.
This is an action for damages by a pro se plaintiff who alleges that she suffered emotional distress due to offensive and racist comments made by a New York City Transit Authority (NYCTA) bus driver, who accused her of attempting to avoid paying the fare for her young daughter.[1] Defendant NYCTA has moved to dismiss the complaint for failure to serve a notice of claim, failure to appear for a statutory hearing (oral examination), failure to wait 30 days from the notice of claim to file a summons, and failure to state a cause of action in the complaint.
The plaintiff argues that she filed a notice of claim and only failed to appear fdr the hearing because she was not properly notified. She also contends that, because the complaint was drafted by the court clerk, she should not be responsible for any defects, but has requested leave to amend the complaint.
The exhibits offered by the parties indicate that the plaintiff filed a timely notice of claim[2] 3and waited the requisite 30 days before serving a summons,[3] as required by Public Authorities Law § Í2Í2 (4). In, its reply affirmation, the NYCTA concedes that a notice, ofi claim was timely filed, but contends that the notice is inadequate because it alleges violations of state and federal civil rights, whereas the complaint alleges tortious conduct.
It is true that the notice of claim, drafted by the pro sé plaintiff, refers to1 violations of civil rights. However, it' also alleges that the plaintiff suffered “grievous mental harm, humiliation, embarrassment, and ensuing physical harm” caused by “the negligent and intentional acts, conduct, omissions and or commissions” of the Transit Authority and its employees. There are also allegations of defamation and negligent “hiring, retaining and supervising.” These are tortious claims.
The notice of claim “must include the nature of the claim and the manner in which it arose. The purpose of the notice of *20 claim requirement ‘is to afford the [Transit Authority] “an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available.” ’ ” (Brown v New York City Tr. Auth., 172 AD2d 178, 180 [1st Dept 1991], quoting Caselli v City of New York, 105 AD2d 251, 252 [2d Dept 1984]; accord LaBorde v Most Serv. Co., 270 AD2d 462 [2d Dept 2000]; Mojica v New York City Tr. Auth., 117 AD2d 722 [2d Dept 1986].) The instant notice of claim states with great specificity the date, time, and location of the incident, as well as the manner in which the claim arose. Thus, the Transit Authority had ample information and opportunity to investigate the plaintiff’s claim. Therefore, the notice of claim is legally sufficient.
The NYCTA also argues that the complaint should be dismissed because it “fails to give defendant notice of the nature and location of the claim and thus fails to state a cause of action.”[4] The complaint does not comply with the requirements of CPLR 3013, which specifies that pleadings “shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.”
Neither is CPLR 3014 complied with. This section provides that “[e]very pleading shall consist of plain and concise statements in consecutively numbered paragraphs. Each paragraph shall contain, as far as practicable, a single allegation * * * Separate causes of action or defenses shall be separately stated and numbered.” (CPLR 3014.) Further, the complaint fails to meet the requirements of Public Authorities Law § 1212 (1) and (4).
The plaintiff has moved for leave to amend the complaint. CPLR 3025 provides that leave to amend pleadings “shall be freely given.” Accordingly, the plaintiff’s application for leave to amend the complaint is granted.
The NYCTA also argues that the complaint must be dismissed because the plaintiff failed to appear for an oral examination, as required by Public Authorities Law § 1212 (5). The plaintiff counters that she did not appear because she *21 received notice via regular mail,[5] whereas General Municipal Law § 50-h (2) requires that a demand for an oral examination be served personally or by registered or certified mail if the claimant is not represented by counsel. The NYCTA replies that, being “a public benefit corporation and not a municipal corporation,” it is not bound by the oral examination requirements of General Municipal Law § 50-h, but instead by Public Authorities Law § 1212 (5), which does not specify how the authority must notify a claimant when it requires the claimant to appear for a hearing.
General Municipal Law § 50-h (2), governing suits against municipalities, does require that, when the city makes a demand for an oral or physical examination, the demand must “be served personally or by registered or certified mail upon the claimant” if the claimant is not represented by counsel.[6] It “can [not] be held that section 1212 of the Public Authorities Law must be read in the light of the provisions of section 50-h of the General Municipal Law. Section 1212, insofar as it refers to the General Municipal Law, does so only with respect to section 50-e and the serving of notice.” (Hernandez v New York City Tr. Auth., 41 Misc 2d 123, 124 [Sup Ct, NY County 1963], affd 20 AD2d 968 [1st Dept 1964].)
Public Authorities Law § 1212, which governs suits against the Transit Authority, on the other hand, is silent as to the method the Transit Authority must use to notify claimants to appear for an oral examination. This Court will not impose the requirements of General Municipal Law § 50-h on the Transit Authority. The plaintiff concedes that she did receive the notice of the scheduled hearing. That suffices.
The NYCTA further contends that compliance with the oral examination requirement is a condition precedent to commencing suit. Thus, the NYCTA argues, the plaintiffs failure to appear for a hearing requires dismissal of the complaint. Ironically, although the Transit Authority argues that General Municipal Law § 50-h is not applicable to it, it string cites to eight decisions, all of which apply General Municipal Law § 50-h, for the proposition that failure to appear for an exami *22 nation constitutes grounds for dismissal of the complaint. (See, e.g., Arcila v Incorporated Vil. of Freeport, 231 AD2d 660 [2d Dept 1996]; Schrader v Town of Orangetown, 226 AD2d 620 [2d Dept 1996].) Even Hill v New York City Tr. Auth. (206 AD2d 969 [4th Dept 1994]), cited by the Transit Authority, holds that “Because plaintiff commenced her action before complying with General Municipal Law § 50-h (1), the court properly dismissed the complaint.”[7]
General Municipal Law § 50-h (5) is quite specific as to the consequences of a claimant’s failure to comply with a demand for an examination. This section states, in pertinent part: “Where a demand for examination has been served * * * no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination * * * If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action * * * may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period.”
Thus, because a claimant cannot commence an action until after complying with a demand for an examination (unless the municipality fails to schedule the examination within 90 days), the requirement that a claimant comply with a demand for examination made pursuant to General Municipal Law § 50-h is a condition precedent to commencing an action against the municipality. (See La Vigna v County of Westchester, 160 AD2d 564 [1st Dept 1990].)
Public Authorities Law § 1212, on the other hand, does not explicitly state the consequences of a failure to comply with a demand for an oral examination. Public Authorities Law § 1212 (5) provides only the following: “The authority may require any person, presenting for settlement an account or claim for any cause whatever against the authority, to be sworn before a member, counsel or an attorney, officer or employee of the authority designated for such purpose, touching such account *23 or claim and when so sworn to answer orally as to any facts relative to such account or claim. The authority shall have power to settle or adjust all claims in favor of or against the authority.”
Thus, it is not clear from the statute that compliance with a notification for an oral examination is a condition precedent to commencing an action against the Transit Authority. No recent decisions appear to address this point.
In Hernandez v New York City Tr. Auth. (41 Misc 2d 123 [Sup Ct, NY County 1963], affd 20 AD2d 968 [1st Dept 1964]), the court held that the statute of limitations for commencing an action against the Transit Authority was not tolled between the time of the Transit Authority’s demand for an oral examination and the time the examination was actually held. The court reasoned that, unlike claims brought pursuant to General Municipal Law § 50-h, compliance with the demand for an examination is not a condition precedent to the plaintiff commencing an action against the Transit Authority. The court stated, “There is no prohibition in that section [Public Authorities Law § 1212] to the commencement of an action until compliance with the demand for examination as provided in section 50-h of the General Municipal Law.” (Id. at 124.)
The other decision that addresses this issue, cited by the Transit Authority, is Lo Guercio v New York City Tr. Auth. (31 AD2d 759 [2d Dept 1969]). This decision’s holding is the opposite of the court’s statement in Hernandez. Lo Guercio involved a plaintiff who failed to comply with the Transit Authority’s demand for an oral examination. The Second Department granted the defendant’s motion to dismiss the complaint, holding that “Plaintiff’s compliance with defendant’s demand for an oral examination pursuant to subdivision 5 of section 1212 of the Public Authorities Law was a statutory condition precedent to the commencement of this action.” (Id. at 760.)
The court reasoned that subdivision (5) of Public Authorities Law § 1212 must be read in conjunction with subdivision (4), which provides that “[n]o action shall be maintained against the authority * * * unless it shall appear by and as an allegation in the complaint * * * that the authority has neglected or refused to make an adjustment or payment of the claim for thirty days after the service of [the] notice [of claim].” (Id.) Thus, the court concluded, “[t]he requirement that no suit be commenced unless and until the Authority has determined not to settle the claim ‘would soon become a dead letter if every *24 claimant could with impunity refuse to be examined’ and yet treat the Authority’s consequent failure to pay as satisfying the statutorily imposed condition precedent.”[8] (Id. at 760; citation omitted.)[9]
This Court does not agree with the court’s decision in Lo Guercio. If the Legislature wanted to provide that an action cannot be commenced against the Transit Authority until the request for an oral examination is complied with, it would have specified that explicitly, as it did in General Municipal Law § 50-h. We can assume that the Legislature is perfectly competent to determine which provisions it wants to include or exclude from a statute. If the Legislature wants to preclude a claimant from commencing an action against the Transit Authority prior to complying with the request for an oral examination, it should amend section 1212 to clearly so specify.
Further, Hernandez still appears to be good law in the First Department. For example, the First Department cited Hernandez with approval in Herrera v New York City Tr. Auth. (234 AD2d 207, 208 [1st Dept 1996]). Indeed, in Pilgrim v New York City Tr. Auth. (235 AD2d 527 [2d Dept 1997]), which also cites Hernandez, the Second Department appears to retreat a little from its position when it states that “the oral examination may be a condition precedent to the Transit Authority’s right to determine whether it should settle or adjust a claim made by an injured party.” (Id. at 527-528; emphasis added.)
Accordingly, the Transit Authority’s motion to dismiss the complaint is denied.
Nonetheless, the complainant cannot refuse to attend an oral examination requested as of right by the Transit Authority. Thus, the plaintiff is directed to appear at an oral examination, to be scheduled by the Transit Authority within 30 days of entry of this order.

. The incident occurred on July 20, 1999.

. The notice of claim was served by certified mail on October 15, 1999.

. The “summons with endorsed complaint” was filed on October 17, 2000.

. The complaint states only “damage caused to person — personal INJURIES SUFFERED BY PLAINTIFF ON 7/20/99. NOTICE OF CLAIM FILED AGAINST CITY.”

. The exhibits indicate that there seems to have been a lack of cooperation between the parties as to rescheduling the examination after the plaintiff notified the Transit Authority that she was unavailable for the first scheduled date.

. If the claimant is represented by counsel, the demand for examination must be served “personally or by mail” upon the attorney. (General Municipal Law § 50-h [2].)

. This appears to be an error. Apparently, the Transit Authority has also applied General Municipal Law § 50-h, where Public Authorities Law § 1212 actually governed. See, e.g., Herrera v New York City Tr. Auth. (234 AD2d 207, 208 [1st Dept 1996]), where the court applied provisions of General Municipal Law § 50-h to protect the plaintiffs interests “in light of the unique circumstances presented * * * where, among other things, the transcript of the examination itself refers to General Municipal Law § 50-h.”

. The court further emphasized that plaintiffs counsel had failed to comply with the terms of a stipulation, which provided that no suit may be brought until the expiration of a specified period of time provided for the Transit Authority to settle or adjust the claim. Also, that the complaint failed to allege that the Transit Authority neglected or refused to pay his claim. (Id.)

. The motion to dismiss was granted “without prejudice to plaintiffs rights pursuant to CPLR 205 (subd. [a]) should he hereafter submit himself to defendant for an oral examination.” (Id.)