■ TEASHA WATSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [741 NYS2d 864] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about February 22, 2001, which denied plaintiff's motion to restore her action to the calendar pursuant to CPLR 3404, and granted defendant's cross motion to dismiss the action pursuant to CPLR 3404 and General Municipal Law § 50-h, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the complaint reinstated.

Because no note of issue has been filed in this action, CPLR 3404 is not applicable, and the action cannot be deemed dismissed pursuant to that statute (*see, Johnson v Minskoff & Sons*, 287 AD2d 233). Neither does plaintiff's failure to submit to a physical examination as required by General Municipal Law § 50-h afford a basis for dismissal, since defendant took no steps to set a particular date on which to conduct such an ex-

amination (*see, Ramos v New York City Hous. Auth.*, 256 AD2d 195; *Ruiz v New York City Hous. Auth.*, 216 AD2d 258). While dismissal pursuant to CPLR 3126 may have been warranted based on plaintiff's alleged failure to provide other required disclosure, the cross motion granted by the IAS court did not invoke that statute. Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.