■ PELAYO CESPEDES, Appellant, v CITY OF NEW YORK, Defendant, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [752 NYS2d 863] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered September 11, 2001, which dismissed plaintiff's complaint as time-barred for failing to appear at a scheduled hearing pursuant to section 1212 (5) of the Public Authorities Law, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff served a notice of claim alleging serious personal injuries as a result of a fall on a City bus and defendants then served plaintiff with a notice of hearing pursuant to section 1200 *et seq.* of the Public Authorities Law. Plaintiff failed to appear and commenced this personal injury action. Since there is no prohibition in the Public Authorities Law to the commencement of an action until compliance with a demand for an examination, the IAS court should not have dismissed this ac-

tion (Public Authorities Law § 1212 [5]; *Hernandez v New York City Tr. Auth.*, 41 Misc 2d 123, *affd* 20 AD2d 968). While plaintiff may be required to submit to an examination pursuant to section 1212 (*see Herrera v New York City Tr. Auth.*, 234 AD2d 207, 208), defendants could only have compelled plaintiff's submission to an examination prior to commencement if their demand had been noticed pursuant to General Municipal Law § 50-h (*La Vigna v County of Westchester*, 160 AD2d 564). Since defendants failed to notify plaintiff of their reliance on section 50-h, plaintiff's failure to appear at such examination should not have provided a basis on which to dismiss this action (*see e.g. Watson v New York City Hous. Auth.*, 294 AD2d 236). Concur—Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.