■ Evelyn V.L. Jones, Respondent, v Regional Transit Service, Inc., et al., Appellants. [787 NYS2d 578]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 3, 2004. The order denied defendants' motion to dismiss the complaint and for attorneys' fees and costs.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a bus owned by defendant Rochester Genesee Regional Transportation Authority and operated by defendant Regional Transit Service, Inc. collided with the parked vehicle in which she was seated. Defendants moved to dismiss the complaint as time-barred, and in addition sought attorneys' fees and costs incurred in defending the action. Supreme Court erred in denying the motion insofar as it sought dismissal of the complaint. Defendants established as a matter of law that plaintiff failed to commence this action within the applicable statute of limitations set forth in Public Authorities Law § 1299-rr (2). We reject plaintiff's contention that defendants should be estopped from invoking the statute of limitations as a defense because they demanded that plaintiff attend an examination pursuant to General Municipal Law § 50-h and stated during the examination that it was "a 50-h [e]xamination." The erroneous reference by defendants' counsel to the examination as one pursuant to General Municipal Law § 50-h "does not expand the time in which to commence an action against defendant[s] as set forth in the Public Authorities Law" (*Simon v Capital Dist. Transp. Auth.*, 95 AD2d 902, 902 [1983]; *see Ramirez v New York City School Constr. Auth.*, 229 AD2d 313 [1996]; *Balsamo v Metropolitan Suburban Bus Auth.*, 211 AD2d 740 [1995]). "Having chosen to pursue a claim against [each] defendant, a public authority, plaintiff is charged with knowledge of the statutory provisions dealing with the commencement of actions against such a body and cannot be heard to argue that the applicable Statute of

Limitations was being lengthened" (*Simon*, 95 AD2d at 902). In any event, we note that, in opposing defendants' motion, plaintiff did not contend that she was "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 449 [1978]). Present— Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.