Lekakh v City of New York (2025 NY Slip Op 04464)

Lekakh v City of New York

2025 NY Slip Op 04464

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-08829
 (Index No. 504388/23)

[*1]Eugene Lekakh, respondent, 
v
City of New York, defendant, Metropolitan Transportation Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for appellants.
Chernyy & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority and New York City Transit Authority appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated May 28, 2024. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or, in the alternative, to compel the plaintiff to appear for an oral examination pursuant to Public Authorities Law § 1212.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Metropolitan Transportation Authority and New York City Transit Authority which was to compel the plaintiff to appear for an oral examination pursuant to Public Authorities Law § 1212, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to set forth, with all convenient speed, a schedule for an oral examination pursuant to Public Authorities Law § 1212.
Compliance with Public Authorities Law § 1212(5) is a condition precedent to the commencement of an action against the New York City Transit Authority (hereinafter the NYCTA) (see Vartanian v City of New York, 48 AD3d 673, 674; Lynch v New York City Tr. Auth., 12 AD3d 644, 646; Knotts v City of New York, 6 AD3d 664, 665; Lo Guercio v New York City Tr. Auth., 31 AD2d 759, 760; but see Cespedes v City of New York, 301 AD2d 404, 404). Here, it is undisputed that the plaintiff did not appear for an oral examination in accordance with Public Authorities Law § 1212 notwithstanding that the defendant NYCTA duly noticed such an oral examination and provided both a date and an adjourned date for the oral examination.
Nevertheless, under the circumstances present here, including that the NYCTA and the defendant Metropolitan Transportation Authority (hereinafter together the defendants) waited over a year before moving, inter alia, to dismiss the complaint, and that issue has been joined, dismissal of the complaint is not warranted. However, in light of the plaintiff's failure to comply with a statutory condition precedent (see Vartanian v City of New York, 48 AD3d at 674), that branch of the defendants' motion which was to compel the plaintiff to appear for an oral examination in [*2]accordance with Public Authorities Law § 1212 should have been granted.
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court