■ FLOYD JOINER, Appellant, v. CITY OF NEW YORK et al., Respondents.— In an action to recover damages for assault, false arrest, false imprisonment and malicious prosecution, plaintiff appeals from an order of the Supreme Court, Kings County, entered December 10, 1965, which (a) denied his motion to dismiss the defendant city's defense that the action was barred because it was not brought within one year and 90 days after the happening of the event upon which the claim is based, as provided in the General Municipal Law (§ 50-i, subd. 1, par. [c], eff. Sept. 1, 1959); and (b) dismissed the complaint pursuant to CPLR 3211 (subd. [c]). Order affirmed, without costs. CPLR 204 (subd. [a]) (former Civ. Prac. Act, § 24) provides *inter alia* that, where the commencement of an action is stayed by statutory prohibition, the Statute of Limitations affecting such action is tolled for the duration of the stay. In our opinion, however, this section is not applicable to the statutory stays contained in sections 50-h and 50-i of the General Municipal Law so as to extend the Statute of Limitations for the commencement of actions against the city based on a tort claim arising out of events occurring after September 1, 1959. In extending the one-year Statute of Limitations theretofore existing under the Administrative Code to one year and 90 days, the Legislature manifested its intent, *inter alia*, to compensate for the statutory stays, varying up to 90 days, provided in sections 50-h and 50-i of the General Municipal Law with respect to actions arising out of torts for which a municipality is responsible. This obviated application of the tolling effect of section 24 of the former Civil Practice Act to such statutory stays theretofore applied by the courts in actions involving claims of municipal liability for tort based on events which occurred prior to September 1, 1959. The Legislature indicated this by providing, in subdivisions 2 and 3 of section 50-i of the General Municipal Law, against any further extension of the period of limitation and stating, *inter alia*, that section 50-i shall be applicable notwithstanding any inconsistent provisions of law, special, general or local. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ ALBERT J. NEILSON, Respondent, v. MARIANO B. AMODEO, as Executor of ANGELO CARBONE, Deceased, et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Dutchess County, entered April 6, 1965, in plaintiff's favor upon a jury verdict. Judgment reversed, on the law and the facts, without costs, and complaint dismissed, without costs. In our opinion, plaintiff, as a matter of law, failed to establish that defendants had actual or constructive notice of the alleged icy condition prior to the accident and had permitted that condition to exist for an unreasonable time (cf. *Hoffman v. Bachrach*, 20 A D 2d 790; *Preuschoff v. Wank*, 16 A D 2d 690, 691; see 5 Warren, Negligence, § 5.77, pp. 596–597). Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.