■ MARIA SERRAVILLO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated September 22, 1972, which denied her motion pursuant to CPLR 3211 (subd [b]) to dismiss the affirmative defense of Statute of Limitations pleaded in defendant's answer. Order reversed, without costs or disbursements, and motion granted. On March 8, 1971 plaintiff was injured when she fell on a subway stairway maintained by defendant. A notice of claim was thereafter served on June 4, 1971. Defendant notified plaintiff to appear for an oral examination on July 2, 1971; pursuant to a stipulation, the examination was adjourned until May 26, 1972 because of plaintiff's confinement to a nursing home. Following the hearing, defendant was served with a summons and complaint on June 28, 1972, one year and 112 days after the cause of action for negligence accrued. Defendant's answer pleaded the Statute of Limitations as an affirmative defense. While it is clear that plaintiff did not institute this action within the one year and 90-day period prescribed in subdivision 2 of section 1212 of the Public Authorities Law, we nevertheless hold that the action was timely commenced. CPLR 204 (subd [a]) provides, *inter alia,* that where the commencement of an action is stayed by statutory prohibition, the Statute of Limitations affecting such action is tolled for the duration of the stay. Typical of the type of statutory prohibition encompassed by CPLR 204 (subd [a]) are the various waiting periods which must be observed prior to the commencement of an action. Thus, for example, it has been held that where 30 days must pass after the service of a notice of claim before an action may be commenced, the Statute of Limitations is broadened by an identical 30-day period (see *Barchet v New York City Tr. Auth.,* 20 NY2d 1; *Amex Asphalt Corp. v City of New York,* 263 App Div 968, affd 288 NY 721; *Santaniello v De Francisco,* 74 Misc 2d 229, affd 44 AD2d 831). Subdivision 1 of section

1212 of the Public Authorities Law contains such a statutory prohibition. However, unlike the provisions of section 50-i of the General Municipal Law, section 1212 does not contain an express restriction declaring the one year and 90-day period of limitations to be applicable "notwithstanding any inconsistent provisions of law, general, special or local". Certainly, CPLR 204 (subd [a]) is an "inconsistent provision" within the meaning of subdivision 2 of section 50-i of the General Municipal Law. Thus, while CPLR 204 (subd [a]) is not applicable to the statutory stays contained in sections 50-h and 50-i of the General Municipal Law so as to extend the Statute of Limitations applicable to tort claims against a municipality (see *Joiner v City of New York,* 26 AD2d 840), the same cannot be said of stays contained in section 1212 of the Public Authorities Law. Accordingly, plaintiff was entitled to the benefit of a 30-day extension of the one year and 90-day Statute of Limitations contained in subdivision 2 of section 1212. The service of the summons and complaint on June 28, 1972 was, therefore, timely. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.