■ RONALD KOWALSKI, Appellant, v DEPARTMENT OF CORRECTIONS OF THE CITY OF NEW YORK, Respondent.—In an action to recover wages due on the theory that plaintiff had been suspended without pay for a period in excess of 30 days, in violation of subdivision 3 of section 75 of the Civil Service Law, plaintiff appeals from an order of the Supreme Court, Richmond County, dated February 14, 1978, which granted the defendant's motion to dismiss the complaint on the ground that the action was not timely commenced and denied his cross motion for leave to amend his complaint. Order modified by deleting the first decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. Plaintiff, a corrections officer, was suspended without pay from his position on March 28, 1972, following his indictment for robbery in the first and second degrees. He subsequently pleaded guilty to petit larceny. On February 1, 1973 plaintiff was served with departmental charges. After a hearing was conducted, plaintiff was notified on June 27, 1973 that he had been found guilty of the

charges and fined a total of 20 days' pay. The defendant claims that plaintiff resigned that day, while plaintiff alleges that he resigned the following day. After duly filing a notice of claim upon the Comptroller of the City of New York on April 12, 1976, plaintiff commenced this action on July 28, 1976. Special Term, pursuant to the defendant's motion, dismissed the complaint on the ground that the action is time barred. Pending a hearing and determination of charges of misconduct, a permanent civil service employee against whom charges have been preferred may be suspended without pay for a period not exceeding 30 days (Civil Service Law, § 75, subd 3). Plaintiff's claim, which is for unpaid salary for the period running from his suspension as a corrections officer until his subsequent resignation, is properly made by way of an action at law (see *Gerber v New York City Housing Auth.,* 42 NY2d 162, 165). The applicable Statute of Limitations is three years pursuant to CPLR 214 (subd 2) ("an action to recover upon a liability * * * created or imposed by statute"). CPLR 204 (subd [a]) provides, *inter alia,* that where the commencement of an action is stayed by statutory prohibition, the Statute of Limitations affecting such action is tolled for the duration of the stay. Hence, the requirement of subdivision a of section 394a-1.0 of the Administrative Code of the City of New York, that an allegation that 30 days have elapsed since service of a notice of claim upon the Comptroller be contained in every action against the city, broadens the statute by such 30-day period (see *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027). In our estimation, the latest date on which plaintiff's cause of action could have accrued was the day of his resignation, since it was on that day that he severed his relationship with his former employer. If such resignation took place on June 27, 1973, his action would be untimely; however, if he turned in his resignation on June 28, 1973, his action would be timely. Therefore, a hearing is necessary to determine the correct date, after which Special Term can make a determination on the issue of timeliness. Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.