■ ALEXANDER ASTROMOVICH et al., Respondents, v HUNTINGTON SCHOOL DISTRICT No. 3 et al., Defendants, and TOWN OF HUNTINGTON, Appellant. — In a negligence action to recover damages for personal injuries, etc., the Town of Huntington appeals from an order of the Supreme Court, Suffolk County, dated January 15, 1980, which denied its motion for summary judgment dismissing the complaint as against it. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed as against the Town of Huntington. Plaintiff Alexander Astromovich was allegedly injured on April 20, 1978, while he was employed as a steam fitter, during the renovation of a school building in the Town of Huntington. Plaintiffs timely served a notice of claim upon appellant on June 27, 1978. By notice dated August 10, 1978, appellant demanded an examination of plaintiffs, at a specified time, date and location, pursuant to section 50-h of the General Municipal Law. Plaintiffs did not appear pursuant to the notice. Thereafter, there were several adjournments of the examination. By motion returnable on November 29, 1978, appellant moved for an order directing plaintiffs to appear for an examination pursuant to section 50-h and staying all further proceedings in the action until the examination was completed. By order dated December 4, 1978, Special Term granted the motion and scheduled the examination for January 8, 1979. It was held on that date. Plaintiffs commenced this action by service of a summons and complaint upon the town clerk on August 1, 1979. The appellant Town of Huntington answered on August 27, 1979, interposing an affirmative defense of the Statute of Limitations. Appellant thereafter moved for summary judgment dismissing the complaint. Special Term denied the motion, holding that the one year and 90-day limitations period of subdivision 1 of section 50-i of the General Municipal Law was tolled from December 4, 1978 to January 8,

1979 by the stay contained in the order of Mr. Justice Aspland and by CPLR 204 (subd [a]). We disagree. Section 50-i of the General Municipal Law provides, in pertinent part: (1) that an action such as this must be commenced against a municipal body "within one year and ninety days after the happening of the event upon which the claim is based" (subd 1, par [c]); (2) that the section shall be applicable "notwithstanding any inconsistent provisions of law, general, special or local" (subd 2); and (3) that "Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action" (subd 3). Subdivision 5 of section 50-h of the General Municipal Law provides that where a timely demand for examination has been made by a defendant municipal body, no action shall be commenced against it unless the claimant has duly complied with the demand. CPLR 204 (subd [a]) provides that "Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." In *Joiner v City of New York* (26 AD2d 840), we held that, in light of the quoted provisions of subdivisions 2 and 3 of section 50-i of the General Municipal Law, CPLR 204 (subd [a]) "is not applicable to" the statutory stay that comes into effect pursuant to subdivision 5 of section 50-h of the General Municipal Law upon a timely demand for examination by a municipal body and that, therefore, a stay in effect pursuant to that provision would not extend the limitations period. While plaintiffs attempt to distinguish *Joiner (supra)* and similar cases on the ground that they involved statutory, rather than judicial stays, we believe that the stay at bar is properly characterized as "statutory" for present purposes since it granted appellant no relief greater than or inconsistent with that to which it became entitled under statute upon its timely demand for an examination. Judicial process was invoked solely because the parties, left to their own devices, had been unable to conduct the required examination for a period of three months after plaintiffs' initial failure to appear for it. In this regard, we note that plaintiffs do not contend that they had duly complied with the demand for an examination before January 8, 1979. Accordingly, on the facts of this case, the order of December 4, 1978 did not toll the applicable Statute of Limitations. Finally, we note that no claim of estoppel is made here, nor could it be, since among other things, plaintiffs had more than six months to commence a timely action after the examination was held (see *Ortiz v City of New York,* 28 AD2d 1098). Damiani, J.P., Gibbons, Margett and Thompson, JJ., concur.