OPINION OF THE COURT
Fred T. Santucci, J.
This is a motion by plaintiffs for leave to reargue a memo *122 randum decision of this court dated March 9, 1987, and the order entered thereon dated April 16, 1987. Leave to reargue is granted. Upon reargument the prior decision and order are vacated and the following is substituted therefor:
In this wrongful death action, defendant New York City Health and Hospitals Corporation (hereinafter NYCHH) moves to dismiss the complaint as barred by the Statute of Limitations. Plaintiffs cross-move to dismiss the affirmative defense of Statute of Limitations.
Plaintiffs decedent was admitted to the Queens Hospital Center on March 3, 1984 and thereafter died on March 4, 1984. Plaintiffs moved on February 2, 1985 for leave to file a late notice of claim. The order permitting the late filing was signed on August 1, 1985 and on or about August 6, 1985 the notice of claim was served. In September 1985 defendant scheduled a General Municipal Law § 50-h hearing for January 27, 1986. Following compliance with the hearing, a summons and complaint was served on February 7, 1986.
Pursuant to subdivision (2) of section 7401 of McKinney’s Unconsolidated Laws of NY (L 1969, ch 1016, as amended), an action for personal injuries or death must be commenced within one year and 90 days after accrual. In the instant case, the limitation period would have ordinarily run on June 2,
1985. However, pursuant to Giblin v Nassau County Med. Center (61 NY2d 67) the Statute of Limitations was tolled during the pendency of plaintiffs’ motion to file a late notice of claim. Therefore, with the addition of 171 days, the statutory period expired on November 20,1985.
It is plaintiffs’ contention that a stay was in effect which prohibited the institution of the action prior to the hearing (General Municipal Law § 50-h [5]) and, as such, defendant should be equitably estopped from raising the Statute of Limitations.
Pursuant to General Municipal Law § 50-i (2) and (3):
"2. This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter.
"3. Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding.”
Hence, the stay of the Statute of Limitations provided for in CPLR 204 (a) when a statutory prohibition prevents the *123 commencement of an action is inapplicable to General Municipal Law § 50-i, inasmuch as it is an inconsistent provision. (Graber v City of New York, 89 AD2d 598; Lowinger v City of New York, 64 AD2d 888.)
Although section 7401 of McKinney’s Unconsolidated Laws of NY makes specific reference to the incorporation of the requirements of both sections 50-e and 50-h of the General Municipal Law in tort actions against NYCHH, no mention is made of section 50-i. In the absence of an express restriction, the tolling provision of CPLR 204 (a) is applicable. (Serravillo v New York City Tr. Auth., 51 AD2d 1027, affd, 42 NY2d 918.) In Serravillo v New York City Tr. Auth. (supra), an action was instituted against the New York City Transit Authority, an entity governed by the Public Authorities Law and not the General Municipal Law. The court in that case held CPLR 204 (a) applicable to stays contained in section 1212 of the Public Authorities Law unlike tort claims asserted against a municipality which were bound by the provisions of section 50-i of the General Municipal Law. Similarly, the restrictions of section 50-i are inapplicable to NYCHH. Therefore, plaintiffs action was stayed following the service of a demand for an examination until completion of the hearing on January 27, 1986. Service of the summons and complaint on February 7, 1986 was, therefore, timely.
Accordingly, defendant’s motion to dismiss is denied and plaintiff’s cross motion to dismiss the affirmative defense of Statute of Limitations is granted.