■ NORMAN HAUPTMAN, as Administrator of the Estate of ISRAEL HAUPTMAN, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated May 31, 1988, as, upon renewal and reargument, adhered to its original determination in an order dated February 10, 1988, granting the defendant's cross motion for leave to serve an amended answer to include the affirmative defense of the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, with costs, the provision of the order dated February 10, 1988, granting the defendant's cross motion is vacated, and the defendant's cross motion is denied.

On January 14, 1985, the plaintiff's decedent, Israel Hauptman, fell while on line at the Coney Island Hospital pharmacy, striking his head. After being treated for his injuries, including a subdural hematoma, at the Coney Island Hospital emergency room, the plaintiff's decedent was transferred on the same day to Kings County Hospital, where he died seven days later. After the appointment of the plaintiff as administrator of the decedent's estate on October 17, 1985, a notice of claim was served on the New York City Health and Hospitals Corporation (hereinafter HHC) on November 26, 1985. There-

after, on December 6, 1985, HHC gave notice to the plaintiff of a hearing pursuant to General Municipal Law § 50-h, to be held on April 18, 1986.

The plaintiff commenced his action on June 5, 1986, and HHC served its answer on or about June 20, 1986, without asserting an affirmative defense of the Statute of Limitations. When, in November 1987 the plaintiff moved for leave to serve a late notice of medical malpractice action, the HHC cross-moved to amend its answer to include a Statute of Limitations defense. That cross motion was granted in an order dated February 10, 1988, and, upon renewal and reargument, the original determination was adhered to.

This appeal ensued.

Although a motion to amend a pleading should be freely given absent a showing of prejudice or surprise to the opposing party (CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934; *Hopper v Hise,* 131 AD2d 814), an amendment which is devoid of merit, and whose insufficiency or lack of merit is "clear and free from doubt" will not be permitted *(Hayden v Josim Assocs.,* 148 AD2d 495, 496; *Sharapata v Town of Islip,* 82 AD2d 350, *affd* 56 NY2d 332; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512).

In the case at bar, McKinney's Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1, as amended), which governs actions against the HHC to recover damages for personal injuries, medical malpractice and/or wrongful death, directs that any such an action must be commenced within a year and 90 days of the accrual of the claim. The statute also expressly incorporates the requirements of General Municipal Law §§ 50-e and 50-h. However, General Municipal Law § 50-h (former [5]), in effect at the time the instant action was initiated, declared that where a demand for an oral examination of the claimant has been served, no action may be commenced "unless the claimant has duly complied with such demand for examination." This proviso triggered the general rule contained in CPLR 204 (a), to the effect that "[w]here the commencement of an action has been stayed by * * * statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced" *(cf., Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, *affd* 42 NY2d 918; *Sobkowicz v New York City Health & Hosps. Corp.,* 137 Misc 2d 121). The instant Statute of Limitations was therefore tolled between December 6, 1985, the date on which the demand for oral examination was served, and April

18, 1986, the date the examination was scheduled by the HHC. In consequence, the plaintiff's service of his summons and complaint on June 5, 1986, was timely.

We reject as without merit the HHC's contention that in drafting McKinney's Unconsolidated Laws of NY § 7401, the Legislature neglected to incorporate a nontolling provision, or to refer to General Municipal Law § 50-i (3) through mere inadvertence. Indeed, it has been held that the provisions of General Municipal Law § 50-i do *not* apply to actions brought against the HHC *(Brennan v City of New York,* 59 NY2d 791). The Legislature's express incorporation of General Municipal Law §§ 50-e and 50-h in McKinney's Unconsolidated Laws of NY § 7401 indicates that it could have included General Municipal Law § 50-i, had it wished to do so (McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see, Matter of Pokoik v Department of Health Servs.,* 72 NY2d 708; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340).

In view of the foregoing determination, we need not address the appellant's remaining contention. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.