■ Luciana Nocerino et al., Appellants, v State of New York, Respondent. [644 NYS2d 909] —In a claim to recover damages for personal injuries, etc., the claimants appeal from (1) an order of the Court of Claims (Silverman, J.), dated February 22, 1995 which denied their renewed motion for leave to amend their bill of particulars and (2) a judgment of the same court, dated March 7, 1995, which dismissed the claim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that on appeal from the judgment, the order is affirmed and the appeal from the judgment is otherwise dismissed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the claim (*see, Matter of Aho,* 39 NY2d 241, 248).

Although the judgment was entered upon the claimants' failure to proceed to trial, and thus was entered on their default, the appeal from the judgment brings up for review the issues raised on the appeal from the order as they were the "subject of contest" in the Court of Claims and necessarily affected the final judgment (*see, James v Powell,* 19 NY2d 249, 256, n 3; *Katz v Katz,* 68 AD2d 536).

The claim in this matter arose out of an accident that occurred on January 23, 1992, on New York State Route 112, in Suffolk County, when the car in which the infant claimant Luciana Nocerino was riding, collided with a small van-type bus owned by Suffolk County, and driven by Michelle Richardson (a separate action is pending against Suffolk County and Richardson in the Supreme Court, Suffolk County).

A notice of intention to file a claim herein was served on April 14, 1992. The claimants' original bill of particulars contained general allegations that New York State negligently designed, constructed, and maintained the road, and also permitted unsafe conditions to persist, as well as specific claims relating to the State's alleged failure to properly install warning signs, and traffic control services. At a preliminary conference on July 12, 1994, both sides stated that they had completed discovery except for an exchange of expert disclosure. On that date, the Court of Claims scheduled the trial for November 14, 1994. On or about July 20, 1994, the claimants retained an engineer to examine the intersection in preparation for trial. On October 25, 1994, the claimants' request for an adjournment of the trial was denied pursuant to 22 NYCRR 125.1 (g) and 206.17, since the trial date was fixed at least two months in advance thereof.

On November 10, 1994, the claimants moved to amend their bill of particulars to include allegations regarding improper drainage on the State Route 112. On November 14, 1994, the trial was adjourned primarily due to the hospitalization of defense counsel on November 10 and the inability of substitute counsel to prepare on less than one business day's notice. The court stated that an additional factor for the adjournment was the claimants' desire to amend their bill of particulars. The trial was rescheduled for March 6, 1995. On November 30, 1994, the claimants' original motion to amend their bill of particulars was denied.

On or about January 25, 1995, the claimants moved to reargue and/or renew their motion for leave to amend their bill of particulars. The Court of Claims treated this motion as one to renew, and by order dated February 22, 1995, denied it.

On March 6, 1995, both parties appeared in court for the scheduled trial. While the State's counsel was prepared to proceed to trial, the claimants requested that the court strike their note of issue and statement of readiness pending a decision on their appeal from the denial of the renewed motion. The court stated that the claimants were actually seeking to place this matter on the suspension calendar, which calendar

did not exist. It then inquired of the claimants' counsel if he were ready to proceed. Counsel stated on the record that without the amendment to the bill of particulars he could not. The court then directed, on the record, that the case be dismissed and entered judgment to that effect.

We agree with the Court of Claims that the claimants' proposed amendment to their bill of particulars lacked merit. Therefore, it providently exercised its discretion in denying the renewed motion for leave to amend (*see, McKiernan v McKiernan,* 207 AD2d 825; *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588).

The claimants' remaining contentions are either without merit or academic. Miller, J. P., Hart, Friedmann and Florio, JJ., concur.