[680 NYS2d 565]

Hazel Mignott, Respondent, v New York City Health and Hospitals Corporation et al., Appellants.

Second Department, November 16, 1998

APPEARANCES OF COUNSEL

*Michael D. Hess, Corporation Counsel* of New York City (*Barry P. Schwartz* and *Stuart D. Smith* of counsel), for appellants.

*Kreidman & Slater,* New York City (*Jerry Slater* of counsel), for respondent.

### OPINION OF THE COURT

MANGANO, P. J.

The question to be answered on this appeal is whether the one-year-and-90-day Statute of Limitations applicable to the instant action against the defendants New York City Health and Hospitals Corporation (hereinafter the HHC) and several of its employees (*see,* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]) was tolled during the period between the demand by the HHC for a hearing pursuant to General Municipal Law § 50-h and the date of that hearing. In our view, this question must be answered in the negative.

The plaintiff was a patient at Kings County Hospital (hereinafter the Hospital), a part of the HHC, from February 1982 through April 19, 1983, and allegedly incurred injuries during an abdominal hysterectomy performed in the Hospital. The plaintiff allegedly filed a notice of claim on or about July 8, 1983. On July 29, 1983, the defendants demanded a hearing pursuant to General Municipal Law § 50-h and McKinney's Unconsolidated Laws of NY § 7401 (2). The hearing, which was originally scheduled for January 19, 1984, was finally conducted on July 23, 1984. Thereafter, on January 24, 1985, the plaintiff commenced the instant action to recover damages for medical malpractice against the HHC, several of its employees, and the Hospital.

On October 31, 1995, the defendants moved to dismiss the complaint as untimely under the one-year-and-90-day Statute of Limitations applicable to actions against the HHC. The

defendants argued that under the 1992 Court of Appeals decision in *Baez v New York City Health & Hosps. Corp.* (80 NY2d 571), the applicable Statute of Limitations was not tolled pending the completion of the General Municipal Law § 50-h hearing.

The plaintiff opposed the motion, arguing that the applicable Statute of Limitations was tolled pending the General Municipal Law § 50-h hearing, i.e., from July 29, 1983 to July 23, 1984.

By order dated February 24, 1997, the Supreme Court held that the action was timely commenced and denied the defendants' motion to dismiss. In so doing the Supreme Court, *inter alia,* distinguished the holding of the Court of Appeals in *Baez v New York City Health & Hosps. Corp. (supra),* on the ground that it was based upon a 1987 amendment to General Municipal Law § 50-h (5). The Supreme Court held that the instant action was commenced prior to the 1987 amendment of General Municipal Law § 50-h (5) and that, pursuant to *Hauptman v New York City Health & Hosps. Corp.* (162 AD2d 588), decided by this Court in 1990, the Statute of Limitations was tolled from July 29, 1983 to July 23, 1984, since under General Municipal Law § 50-h (former [5]) the plaintiff was barred from commencing an action until the General Municipal Law § 50-h hearing was held.

A subsequent motion by the defendants for reargument and renewal was granted, but the Supreme Court adhered to its prior determination holding, in pertinent part: "the Court opines [that] *Baez v NYCH&H* is not controlling".

General Municipal Law § 50-i (1) (c) provides that an action against a "city, county, town, village, fire district or school district" for personal injuries must "be commenced within one year and ninety days after the happening of the event upon which the claim is based". Former subdivision (5) of section 50-h of the General Municipal Law, which was in effect at the time the instant action was commenced, provided as follows: "5. Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter".

On January 1, 1987, a new version of General Municipal Law § 50-h (5) went into effect. The new General Municipal

Law § 50-h (5) provides, in pertinent part, as follows: "5. Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter. If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period".

CPLR 204 (a) provides that "[w]here the commencement of an action has been stayed by * * * statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced". Although CPLR 204 (a) appears, on its face, to apply to the waiting period in subdivision (5) of General Municipal Law § 50-h, General Municipal Law § 50-i (3) provides otherwise. General Municipal Law § 50-i (3) provides that "[n]othing contained * * * in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action". In short, due to General Municipal Law § 50-i (3), the waiting period in subdivision (5) of General Municipal Law § 50-h, either in its former or present version, does not serve as a toll of the one-year-and-90-day period of limitations in actions governed by General Municipal Law § 50-i. The no-extension language in General Municipal Law § 50-i (3) evinces the Legislature's intent to preclude the applicability of CPLR 204 (a) in actions governed by General Municipal Law § 50-i (*see, Astromovich v Huntington School Dist. No. 3,* 80 AD2d 628, *affd* 56 NY2d 634).

The instant case involves a medical malpractice action against the HHC. Actions against the HHC are governed by McKinney's Unconsolidated Laws of NY § 7401 (2). An action against the HHC must be commenced within one year and 90 days after the cause of action accrues (McKinney's Uncons Laws of NY § 7401 [2]). Moreover, under McKinney's Unconsolidated Laws of NY § 7401 (2), all the provisions of General Municipal Law § 50-h, including subdivision (5), apply to actions against the HHC (*see,* McKinney's Uncons Laws of NY § 7401 [2]). However, there is no provision comparable to General Municipal Law § 50-i (3) in McKinney's Unconsolidated Laws of NY § 7401 (2).

In the case of *Hauptman v New York City Health & Hosps. Corp. (supra),* this Court was confronted with the question of whether that part of McKinney's Unconsolidated Laws of NY § 7401 (2), which provides that a claimant against the HHC must comply with a General Municipal Law § 50-h examination demand before commencing an action against the HHC, gives rise to a toll pursuant to CPLR 204 (a). In *Hauptman v New York City Health & Hosps. Corp. (supra),* this Court answered this question in the affirmative with the following language:

"In the case at bar, McKinney's Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1, as amended), which governs actions against the HHC to recover damages for personal injuries, medical malpractice and/or wrongful death, directs that any such an action must be commenced within a year and 90 days of the accrual of the claim. The statute also expressly incorporates the requirements of General Municipal Law §§ 50-e and 50-h. *However, General Municipal Law § 50-h (former [5]), in effect at the time the instant action was initiated,* declared that where a demand for an oral examination of the claimant has been served, no action may be commenced 'unless the claimant has duly complied with such demand for examination.' This proviso triggered the general rule contained in CPLR 204 (a), to the effect that '[w]here the commencement of an action has been stayed by * * * statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced' (*cf., Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, *affd* 42 NY2d 918; *Sobkowicz v New York City Health & Hosps. Corp.,* 137 Misc 2d 121). The instant Statute of Limitations was therefore tolled between December 6, 1985, the date on which the demand for oral examination was served, and April 18, 1986, the date the examination was scheduled by the HHC. In consequence, the plaintiff's service of his summons and complaint on June 5, 1986, was timely.

"We reject as without merit the HHC's contention that in drafting McKinney's Unconsolidated Laws of NY § 7401, the Legislature neglected to incorporate a nontolling provision, or to refer to General Municipal Law § 50-i (3) through mere inadvertence. Indeed, it has been held that the provisions of General Municipal Law § 50-i do *not* apply to actions brought against the HHC (*Brennan v City of New York,* 59 NY2d 791). The Legislature's express incorporation of General Municipal Law §§ 50-e and 50-h in McKinney's Unconsolidated Laws of

NY § 7401 indicates that it could have included General Municipal Law § 50-i, had it wished to do so" (*Hauptman v New York City Health & Hosps. Corp., supra,* at 589-590 [emphasis added]).

The holding of this Court in *Hauptman v New York City Health & Hosps. Corp. (supra)* remained unchallenged until 1992, when the Court of Appeals decided the case of *Baez v New York City Health & Hosps. Corp. (supra)*. In that case, the Court of Appeals dismissed an action against the HHC for wrongful death and pain and suffering, which was commenced on July 24, 1987, on the ground that the action had not been timely commenced within one year and 90 days after the decedent's death. Towards the end of its opinion, the Court of Appeals discussed the plaintiff's argument, apparently raised for the first time on appeal to the Court of Appeals, that "two waiting periods built into the statutory scheme serve to toll the Statute of Limitations pursuant to CPLR 204 (a)" (*Baez v New York City Health & Hosps. Corp., supra,* at 577). The waiting periods referred to by the plaintiff in *Baez v New York City Health & Hosps. Corp. (supra)* included the period which concerns us in this case, i.e., "the time necessary for a claimant to comply with an examination request before commencing an action (McKinney's Uncons Laws of NY § 7401 [2])" (*Baez v New York City Health & Hosps. Corp., supra,* at 577). The Court of Appeals rejected that argument, holding: "We conclude that the Legislature did not intend to extend the limitations period by inclusion of these waiting periods (*cf.,* General Municipal Law § 50-i [3] [providing that none of the section's provisions, including * * * the § 50-h examination of claim, 'shall operate to extend the (limitations) period'])" (*Baez v New York City Health & Hosps. Corp., supra,* at 577.)

Based on the language in *Baez v New York City Health & Hosps. Corp. (supra),* a lower court and a leading commentator on the CPLR have taken the view that the holding of this Court in *Hauptman v New York City Health & Hosps. Corp. (supra)* has been, in effect, overruled by the Court of Appeals (*see, Monteleone v New York City Health & Hosps. Corp.,* Sup Ct, Kings County, Sept. 22, 1993, Clemente, J., index No. 3839/84; Alexander, 1993 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C:204:1 [Pocket Part]).

The plaintiff disagrees with these authorities. Initially, the plaintiff notes that *Baez v New York City Health & Hosps. Corp. (supra)* involved an action commenced after the 1987 amendment to General Municipal Law § 50-h (5) went into ef-

fect, while *Hauptman v New York City Health & Hosps. Corp.
(supra),* which involved an action commenced in 1985, was
governed, as our language in *Hauptman* indicates, by former
subdivision (5) of General Municipal Law § 50-h. Therefore,
the plaintiff argues, in accordance with the reasoning of the
Supreme Court, that (1) the holding in *Baez v New York City
Health & Hosps. Corp. (supra),* i.e., that the waiting period in
General Municipal Law § 50-h (5) does not constitute a statu-
tory stay under CPLR 204 (a) and therefore is not a toll, is
limited to those actions commenced after January 1, 1987
which are governed by the present subdivision (5) of General
Municipal Law § 50-h (*see, e.g., Duncan v New York City Health
& Hosps. Corp.,* Sup Ct, Bronx County, Apr. 3, 1995, McKeon,
J., *affd* 236 AD2d 282), and (2) since the instant action was
commenced before January 1, 1987, it is governed by former
subdivision (5) of General Municipal Law § 50-h, and *Haupt-
man v New York City Health & Hosps. Corp. (supra)* applies.

We find the Supreme Court's reasoning and the plaintiff's
argument to be unpersuasive. The plaintiff's brief in *Baez v
New York City Health & Hosps. Corp. (supra)* argued that Gen-
eral Municipal Law § 50-h (5), insofar as it "prohibits the com-
mencement of the action until the hearing has been held",
acted as a toll. The plaintiff in *Baez v New York City Health &
Hosps. Corp. (supra)* clearly was referring to the language of
former subdivision (5) of General Municipal Law § 50-h. More-
over, nothing in the broad language of the Court of Appeals in
*Baez v New York City Health & Hosps. Corp. (supra)* supports
the distinction advocated by the plaintiff.

In conclusion, we are of the view that based on *Baez v New
York City Health & Hosps. Corp. (supra),* the instant action is
untimely and the defendants' motion to dismiss should have
been granted. Accordingly, the holding of this Court to the con-
trary in *Hauptman v New York City Health & Hosps. Corp.
(supra)* is no longer to be followed. The appeal from the order
dated February 24, 1997 is dismissed, as that order was
superseded by the order dated July 9, 1997, made upon reargu-
ment. The order dated July 9, 1997 is reversed insofar as ap-
pealed from, the branch of the defendants' motion which was
to dismiss the complaint as time barred is granted, the branch
of the plaintiff's cross motion which was to strike the defen-
dants' first affirmative defense is denied, and the complaint is
dismissed.

ROSENBLATT, RITTER and ALTMAN, JJ., concur.

Ordered that the appeal from the order dated February 24, 1997 is dismissed, as that order was superseded by the order dated July 9, 1997, made upon reargument; and it is further,

Ordered that the order dated July 9, 1997 is reversed insofar as appealed from, on the law, the branch of the defendants' motion which was to dismiss the complaint as time barred is granted, the branch of the plaintiff's cross motion which was to strike the defendant's first affirmative defense is denied, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.