■ DANIEL SCHEJA, Respondent, v MICHAEL SOSA et al., Defendants, and NYC TRANSIT AUTHORITY, Appellant. [771 NYS2d 554]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority, sued herein as NYC Transit Authority appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 2, 2002, as denied that branch of its motion which was to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the appellant as time-barred is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The Supreme Court erred in denying that branch of the motion of the defendant New York City Transit Authority, sued herein as NYC Transit Authority (hereinafter the NYCTA) which was to dismiss the complaint insofar as asserted against it as time-barred. Public Authorities Law § 1212 (2) provides that a tort action against the NYCTA must be commenced within one year and 90 days after the happening of the event upon which the claim is based. The accident involving the motor vehicle in which the plaintiff was a passenger and the bus owned by the NYCTA occurred on October 26, 2000. The plaintiff served a timely notice of claim upon the NYCTA on January 23, 2001. Public Authorities Law § 1212 (4) provides that an action against the NYCTA cannot be commenced until 30 days have elapsed from the date of service of a notice of claim upon it. CPLR 204 (a) states that where the commencement of an action is stayed by statutory prohibition, the statute of limitations is tolled for the duration of the stay (see Kowalski v Department of Corrections of City of N.Y., 66 AD2d 814, 815

[1978]; *Serravillo v New York City Tr. Auth.*, 51 AD2d 1027 [1976], *affd* 42 NY2d 918 [1977]). Even affording the plaintiff the benefit of the 30-day extension of the one year and 90-day statute of limitations contained in Public Authorities Law § 1212 (4), the statute of limitations expired, at the latest, on February 23, 2002, almost one month before the plaintiff filed his complaint on March 19, 2002 (*cf. Matter of Perlin v South Orangetown Cent. School Dist.*, 216 AD2d 397, 398-399 [1995]; *Matter of Cordani v Board of Educ. of Hempstead School Dist. No. 1*, 66 AD2d 780, 781 [1978]; *Serravillo v New York City Tr. Auth., supra* at 1028).

The plaintiff contends that he should receive the benefit of the tolling provisions of certain Executive Orders. On September 11, 2001, Governor George E. Pataki issued Executive Order No. 113, declaring a disaster state of emergency in the State of New York (*see* 9 NYCRR 5.113). On September 12, 2001, the Governor issued Executive Order No. 113.7, continuing Executive Order No. 113 and amending it to suspend temporarily, until further notice, CPLR 201 insofar as it barred actions the limitations period of which concluded during the period from the date that the disaster emergency was declared (Sept. 11, 2001) pursuant to Executive Order No. 113, until further notice (*see* 9 NYCRR 5.113). By Executive Order No. 113.28, the Governor provided a cutoff date of October 12, 2001, for the general suspension of the statute of limitations contained in Executive Order No. 113.7 (*see* 9 NYCRR 5.113). The order provided an exception for those litigants or their attorneys who had been directly affected by the terrorist attack and temporarily suspended, until November 8, 2001, CPLR 201 insofar as it barred an action, by or on behalf of such person, if the limitations period with respect to a particular action concluded during the period the Executive Order was in effect (*see* 9 NYCRR 5.113).

The plaintiff argues that his attorney was directly affected by the disaster emergency of September 11, 2001, and thus he should qualify for the extension of the statute of limitations set forth in the Governor's Executive Orders No. 113, 113.7, and 113.28 (*see* 9 NYCRR 5.113). This argument is without merit.

The plain meaning of these Executive Orders is that any litigant who was affected by the World Trade Center attacks and whose statute of limitations period expired between September 11, 2001 and November 8, 2001, was given a grace period of up until November 8, 2001, to satisfy the statute (*see Randolph v CIBC World Mkts.*, 219 F Supp 2d 399, 401 [2002]). The plaintiff urges an extraordinary interpretation of the Governor's Execu-

tive Orders as a tolling provision. According to his argument, any litigant who was affected by the disaster emergency could have their period of limitations tolled for the number of days from September 11, 2001, to November 8, 2001, no matter when the statute of limitations expired. This could not have been the intent of the Governor's Executive Orders. The state of emergency caused by the attacks on September 11, 2001, no longer existed at the time the plaintiff was required to commence his action in February 2002 and thus could not have interfered with his ability to meet the statute of limitations. Accordingly, the action should have been dismissed as time-barred insofar as asserted against the NYCTA. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.