In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 26, 2013, which denied the petition.
Ordered that the order is affirmed, with costs.
A timely notice of claim must be served upon a school district before an injured person may commence a tort action against the district (see Education Law § 3813 [2]; General Municipal Law § 50-i [1]). “Timely” means within 90 days after the claim arises (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). Under Education Law § 3813 (2-a), however, a court may extend the time for service of a notice of claim. In determining whether to grant the extension, “the court shall consider, in particular, whether the district or school or its attorney or its insurance carrier or other agent acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter” (Education Law § 3813 [2-a]). “[A]ctual knowledge of the essential facts constituting the claim” means “knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 [2008]). Actual notice of the theory or theories themselves is not required (see id.). Although, as we held in Matter of Felice, “actual knowledge” is the most *786 important consideration {id. at 147), the court must also consider all other relevant facts, including whether the claimant or claimants demonstrated a reasonable excuse for the failure to serve a timely notice of claim; whether one or more of the claimants was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the delay in service of a notice of claim; and whether the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147-153).
Here, the petitioners failed to establish that the respondent, Brentwood Union Free School District (hereinafter the school district), had actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter. Although the school district knew that the infant petitioner had been injured, the petitioners failed to demonstrate that the school district had actual knowledge that the infant petitioner allegedly had been permitted to participate in wrestling without medical clearance after a prior injury in another sport (see Matter of Anderson v New York City Dept. of Educ., 102 AD3d 958, 959 [2013]; Matter of Castro v Clarkstown Cent. School Dist., 65 AD3d 1141, 1142-1143 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148, 150, 152).
Further, the petitioners failed to demonstrate that they had a reasonable excuse for failing to serve a timely notice of claim. Contrary to the petitioners’ contention, their reliance on Executive Order (Cuomo) Nos. 52 (9 NYCRR 8.52) and 81 (9 NYCRR 8.81) did not constitute a reasonable excuse, as these Executive Orders did not toll the 90-day period for serving the notice of claim in this case (see Ma Ja Song v New York City Tr. Auth., 43 Misc 3d 1201 [A], 2014 NY Slip Op 50442[U] [2014]; cf. Scheja v Sosa, 4 AD3d 410, 411 [2004]) and, even if they did, the 90-day period expired before the petitioners sought leave to file a late notice of claim.
In addition, the petitioners did not show a nexus between the infancy of the infant petitioner and the delay (see Matter of Anderson v New York City Dept. of Educ., 102 AD3d at 959; Troy v Town of Hyde Park, 63 AD3d 913, 914 [2009]).
Finally, the petitioners failed to establish that the school district would not be substantially prejudiced by the approximately two-month delay after the expiration of the 90-day statutory period (see Matter of Anderson v New York City Dept. of Educ., 102 AD3d at 960; Matter of Khalid v City of New York, *787 91 AD3d 779 [2012]; Buchanan v Beacon City School Dist., 79 AD3d 961, 962 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition (see Matter of Tonissen v Huntington U.F.S.D., 80 AD3d 704, 705-706 [2011]).
The petitioners’ contentions that have been raised for the first time on appeal have not been considered (see Daly v Kochanowicz, 67 AD3d 78, 92 [2009]).
Balkin, J.E, Roman, Sgroi and Miller, JJ., concur.